IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TAY d/b/a DONTAVIOUS S. SMITH, )
)
    Plaintiff, )
)
v. ) 1:14CV468
)
U.S. DEPARTMENT OF EDUCATION, et al., )
)
    Defendants. )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's motion to amend the Complaint (Docket Entry 8) and a consent motion for an extension of time to file an Answer by Defendant Microsoft Corporation. (Docket Entry 9.) On June 17, 2014, Plaintiff was granted IFP status based upon his inability to pay fees or costs associated with this action. (*See* Docket Entry 4.) The undersigned will now conduct a frivolity review pursuant to 28 U.S.C. §1915(e)(2)(B). After review of Plaintiff's original and amended Complaint, this Court recommends that Plaintiff's motion to amend the Complaint be denied, and this action be dismissed.[1]

I. BACKGROUND

Plaintiff alleges that Defendants falsified a drug test which Plaintiff took as part of employment procedures to become a substitute teacher in Brevard County, Florida. (*See generally* Compl., Docket Entry 2; *see also* Am. Compl., Docket Entry 8-1.) Plaintiff alleges

---

[1] Because the Court recommends dismissal of this action as frivolous, the court will deny Defendant Microsoft Corporation's consent motion as moot.

that Defendants conspired and entered into a scheme to keep Plaintiff in poverty and permanently deprive him of "his pursuit to his American Dream," in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id.* at 2.) Plaintiff further alleges that "[t]he Defendants Scheme and RICO Enterprise acted to unlawfully and unreasonably detain [Plaintiff] against his will . . . and harbor him on food stamps with no residual income to invest in his business endeavors, purchase a vehicle for travel, a personal home for adequate living . . . ." (*Id* at 22.) Plaintiff asserts a litany of federal and state law claims, and seeks damages including "Fat Boy Relief," "living, transportation and marijuana healthcare," "[a] custom 2014 Rolls Royce Wraith," "Nationwide legal medicinal marijuana license," "[a] $3,650 gas card voucher," "[a] '365 Word Deeply Rooted Apology'; 365 words, 10 word sentences, 5 paragraphs, 12 size font, double spaced, in Times New Roman font letter of apology from each RICO Defendant's CEO, President and or Executive Officer or Chairman," and personal economic and non-economic damages. (*Id.* at 28-29.) In his amended Complaint, Plaintiff seeks to add additional parties and claims for relief. (*See generally* Am. Compl., Docket Entry 8-1.)

II. STANDARD OF REVIEW

The Court is required to dismiss frivolous or malicious claims, and any complaint that fails to state a claim for upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v.. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*,

2

376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

## III. DISCUSSION

Plaintiff is no stranger to the federal courts, particularly the Middle District of Florida, relating to Brevard County School Board's refusal to hire Plaintiff as a result of a drug test. *See Smith a/k/a Tay v. State of Fla.*, et al., No. 6:12-cv-00439-CEH-KRS (M.D. Fla. Aug. 7, 2012) (dismissing complaint and enjoining Plaintiff from filing future lawsuits arising from facts in previous related cases); *Smith v. Sch. Bd. of Brevard Cnty.*, et al., No. 6:09-cv-2033-GAP-KRS, 2010 WL 1385866, at *3 (M.D. Fla. Apr. 1, 2010) (dismissing with prejudice as "utter nonsense"); *Smith v. Sch. Bd. of Brevard Cnty.*, No. 6:11-cv-731-GAP-KRS (M.D. Fla. May 25, 2011) (dismissing complaint with prejudice); *see also Smith v. State of Fla.*, et al., No 6:12-cv-1385-ORL-22, 2012 WL 6645022, at *1 (M.D. Fla. Dec. 20, 2012) (dismissing complaint with prejudice and ordering clerk "not to accept any further pleadings, motions, or other documents from Plaintiff in this case.") In addition, Plaintiff recently filed a lawsuit substantially similar to the present case with many of the same Defendants in the Eastern District of New York. *See Smith v. Dash*, et al., No. 1:14-cv-4047-ARR-LB, 2014 WL 3695193, at *1 (E.D.N.Y. July 22, 2014). United States District Judge Allyne R. Ross dismissed the complaint as frivolous, and stated that "[t]he court will not allow plaintiff to circumvent the Middle [District of Florida's] filing injunction by allowing this complaint to proceed here." (*Id.* at *2.) In yet another attempt, Plaintiff has now filed in this Court an array of claims and violations that are again clearly frivolous and "lacks an arguable basis in law or fact." *Sternheimer*, 387 F. App'x at 368; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .") Plaintiff has shown no reason why his

4

claims should proceed here. Moreover, Plaintiff fails to allege sufficient facts to state any plausible claim. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("[A] district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them.") (quotation and citation omitted). Plaintiff's allegations are either conclusory or completely nonsensical from which no cause of action can be reasonably construed. Thus, the Court recommends dismissal of this action for being frivolous and for failure to state a colorable claim for relief under 28 U.S.C. § 1915(e)(2)(B).

IV. CONCLUSION

For the reasons set herein, **IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to amend the Complaint (Docket Entry 8) be **DENIED**, and Plaintiff's complaint be **DISMISSED** for being frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

In light of the undersigned's recommendation for dismissal, **IT IS THEREFORE ORDERED** that Defendant Microsoft Corporation's consent motion for an extension of time to answer (Docket Entry 9) is **DENIED** as **MOOT**.

_____
Joe L. Webster
United States Magistrate Judge

August 21, 2014
Durham, North Carolina

5