IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TAY,                              )
d/b/a DONTAVIOUS S. SMITH,        )
                                  )
            Plaintiff,            )
                                  )
     v.                           )        1:14CV468
                                  )
U.S. DEPARTMENT OF EDUCATION,     )
et al.,                           )
                                  )
            Defendants.           )

**ORDER**

This matter is before this court for review of the Order, Memorandum Opinion and Recommendation ("Recommendation") filed on August 21, 2014, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 30.) In the Recommendation, the Magistrate Judge recommends that Plaintiff's motion to amend the complaint (Doc. 8) be denied and Plaintiff's complaint be dismissed for being frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). The Recommendation was served on the parties to this action on August 27, 2014. Plaintiff filed objections to the Recommendation (Doc. 45) and Defendant Microsoft Corporation filed a response to Plaintiff's objections (Doc. 46).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . . . or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation with the following additional analysis.

28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." The Magistrate Judge expressly addressed the frivolous nature of the filings by Plaintiff in this case and the history of related litigation in other districts in the Recommendation. As the Magistrate Judge notes, Plaintiff's claims appear to originate from claims that all Defendants are in some manner responsible

for an alleged falsified drug test which Plaintiff took as part of the employment procedures to become a substitute teacher in Brevard County. (Recommendation (Doc. 30) at 1-2.)  By way of objection to the Recommendation, Plaintiff alleges, inter alia, that "venue is just pursuant to Rule 1 of the Fed. Rules of Civ. P. due to the State of Florida providing Tay prejudicial 'void judgments' to deny him relief and or access to the Courts to receive his due relief, THEREFORE the State of Florida and its Districts would provide Tay an injustice to his claims for relief and material facts that have and can be proven at trial." (Doc. 45 at 10.)  This allegation confirms what the Magistrate Judge recognized in quoting from an order of the Eastern District of New York dismissing a similar case brought by this Plaintiff:  "[t]he court will not allow plaintiff to circumvent the Middle [District of Florida's] filing injunction by allowing this complaint to proceed here." (Recommendation (Doc. 30) at 4 (quoting Tay v. Dash, et al., No. 1:14-CV-4047(ARR)(LB), 2014 WL 3695193, at *2 (E.D.N.Y. July 22, 2014)).)

Furthermore, the complaint and amended complaints fail to allege a plausible claim, even considering Plaintiff's pro se status.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  Thus, while the complaint need not contain detailed factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Id. (citation omitted).  While courts must hold complaints filed by pro se litigants "to less stringent standards than formal pleadings drafted by lawyers . . ." Haines v. Kerner, 404 U.S. 519, 520-21 (1972), pro se plaintiffs must still meet the plausibility standard to withstand a Rule 12(b)(6) motion. The complaint and amended complaint filed in this matter are wholly implausible and should therefore be dismissed.

Two complaints filed by Plaintiff in this court have now been dismissed as frivolous. (See also 1:14CV802.) Plaintiff is cautioned that the continued filing of similar complaints in this district may result in a pre-filing injunction in this court, in addition to any such order in the Middle District of Florida. See Smith a/k/a Tay v. State of Florida, No. 6:12-cv-00439-CEH-KRS (M.D. Fla. Aug. 7, 2012) (dismissing complaint and entering filing injunction).

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. See, e.g., Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Green v. Warden, United States Penitentiary, 699 F.2d 364, 368-69, 370 n.8 (7th Cir. 1983); Pavilonis [v. King], 626 F.2d [1075,] 1078-79 [1st Cir. 1980].

Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004.) Although Plaintiff's practices in this case might merit consideration of such an injunction, this court declines to do so in light of the dismissal of this action. However, Plaintiff is **CAUTIONED** that such action may be considered should Plaintiff file any further frivolous actions.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 30) is **ADOPTED**. **IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (Doc. 8) is **DENIED** and that Plaintiff's complaint (Doc. 2) and any amended complaints are **DISMISSED** for being frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that because this case is being dismissed, all pending motions filed in this case, including but not limited to, the following motions, are **DENIED AS MOOT**: (1) Plaintiff's Motion for Entry of Default Judgment (Doc. 16); (2) Defendant Microsoft Corporation's Motion to Dismiss (Doc. 17); (3) Plaintiff's Motion for Entry of Default Judgment against Microsoft (Doc. 21); (4) Defendant School Board of Brevard County Florida's Motion to Dismiss (Doc. 26); (5) Plaintiff's Motion for Partial Summary Judgment against Microsoft (Doc. 36); (6) Plaintiff's Motion for Partial Summary Judgment against Defendant School Board of Brevard County, Florida (Doc. 38); (7) Plaintiff's Motion to Amend his Briefs for Partial Summary Judgment pursuant to LR 56.1(d) against Microsoft and the School Board (Doc. 41); (8) Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 43); (9) Defendant Microsoft's Motion to

Stay Deadlines (Doc. 47); (10) Plaintiff's Request for Entry of Default against Defendant U.S. Department of Education (Doc. 51); (11) Plaintiff's Request for Entry of Default against Defendant U.S. Department of Health and Human Services (Doc. 52); (12) Plaintiff's Motion for Entry of Default Judgment (Doc. 54); (13) Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 60); (14) Plaintiff's Amended Motion for Preliminary Injunctive Relief (Doc. 65); (15) Plaintiff's Second Motion for Preliminary Injunctive Relief (Doc. 67); and (16) Motion to Enjoin Case 1:14-CV-802 and its Evidentiary Attachments to this case (1:14-CV-468) pursuant to Fed. R. Civ. P. Rule 11(B)(3) and Amend Complaint pursuant to Fed. R. Civ. P. Rule 15 (Doc. 69).

This the 27th day of February, 2015.

/s/ William L. Osteen, Jr.
United States District Judge